**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| **CARLA COOPER,** § | |
| § | |
|    **Plaintiff,** § | |
| § | |
| **v.** § | **Civil Action No. 7:21-cv-00104-O-BP** |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
|    **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act filed December 22, 2022 and Defendant's Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act filed December 31, 2022. ECF Nos. 23 and 24, respectively. After reviewing the Application, Response, and applicable legal authorities, noting that Defendant does not oppose the Application, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Application.

The Court finds that Plaintiff, Carla Cooper, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $211.36 for service performed in 2021 and 2022. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 33.95 hours of service performed in 2021 and 2022.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Carla Cooper and mail to her attorney, Michael T. Kelly, Morgan & Weisbrod, P.O. Box

821329, Dallas, TX 75243, attorney fees under the Equal Access to Justice Act in the total amount of $7,175.67 for 33.95 hours of service in 2021 and 2022 at the hourly rate of $211.36.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE